Filed 7/16/26  P. v. McCaw CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B341613 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA501083) |
| v. | |
| MICHAEL GARRETT McCAW, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Drew E. Edwards, Judge.  Affirmed and modified with directions.

John Lanahan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, and Kathy S. Pomerantz, Deputy Attorney General for Plaintiff and Respondent.

—————————————

Appellant Michael Garrett McCaw appeals the judgment arising from his no contest plea to assault with a semiautomatic firearm and possession of a firearm by a felon, and his admission to an enhancement for personally using a firearm.

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), McCaw's appellate counsel requested that we review the record and determine whether any arguable issues exist. We have reviewed the entire record and find no arguable issues, other than sentencing errors. We modify the sentence by vacating the trial court's stay of punishment for the firearm enhancement and instead strike the punishment, and we apply the limitation of presentence conduct credit pursuant to Penal Code section 2933.1.[1] We otherwise affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.      Facts[2]

On May 8, 2021, a woman named Sella Parisian told Los Angeles Police Department (LAPD) Officer Eduardo Alvarez that 10 days ago, she saw McCaw in a parking lot on Hill Street in Los Angeles. On a previous occasion, McCaw asked Parisian to bring prostitutes to him and demanded that she have sex with him. When Parisian refused, McCaw punched her in the mouth and

---

[1]      All further undesignated statutory references are to the Penal Code.

[2]      The parties agreed that the police reports and the evidence from the preliminary hearing would provide the factual basis for McCaw's no contest plea. We refer to the facts from the preliminary hearing to provide background.

shot her in the leg.  Parisian fled and McCaw drove away in a blue Dodge Dart.

On May 12, 2021, LAPD officers were investigating the shooting of Parisian.  Specifically, they were looking for a Dodge Dart with a license plate number registered to McCaw.  Officer Michael Lopez found the car in a hotel parking lot and saw McCaw leaving in a black Dodge Dart, driving 45 miles per hour in a 35 mile per hour zone.  The officers pursued McCaw, who failed to stop at two stop signs during a forty-second chase.  The officers stopped McCaw in a parking lot after he threw a bag out of his car.  Officer Cuba found two firearms in the bag.

## II.    Procedure

On December 16, 2021, the District Attorney filed an information charging McCaw with assault with a semiautomatic firearm (§ 245, subd. (b); count 1), fleeing a pursuing peace officer's motor vehicle while driving recklessly (Veh. Code, § 2800.2; count 2), possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3), and unlawful possession of ammunition (§ 30305, subd. (a)(1); count 4).  As to count 1, the information alleged enhancements for personally using a firearm (§ 12022.5, subd. (a)) and personally inflicting great bodily injury (§ 12022.7, subd. (a)).  The information also alleged that McCaw had a prior felony conviction under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On August 17, 2022, after conducting an evidentiary hearing, the trial court denied McCaw's motion to suppress.

On August 22, 2024, McCaw waived his right to a trial and other constitutional rights and pleaded no contest to assault with a semiautomatic firearm (§ 245, subd. (b); count 1) and possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3).  He

3

admitted to allegations for personal use of a firearm (§ 12022.5, subd. (a)) and having a prior felony conviction under the Three Strikes law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

The trial court imposed a total aggregate term of seven years four months in state prison. On count 1, the court imposed six years, calculated as the low term of three years, doubled pursuant to the Three Strikes law. On count 3, the court imposed a consecutive term of one year four months, calculated as one-third of the mid-term of eight months, doubled pursuant to the Three Strikes Law. The court "impose[d] and stay[ed]" three years for the firearm enhancement. McCaw received custody credit of 2,352 days, consisting of 1,176 actual days and 1,176 days of local presentence conduct credit.

On August 29, 2024, the trial court denied a motion for reconsideration of sentencing filed by McCaw to correct the calculation of credit. On September 10, 2024, the trial court amended its award of credit to 2,396 days, consisting of 1,198 actual days and 1,198 days of good time/work time credit.

On October 15, 2024, McCaw filed a timely notice of appeal. The trial court denied McCaw's request for a certificate of probable cause.

## DISCUSSION

### I.    Independent Review Pursuant to *People v. Wende*

We appointed counsel to represent McCaw on appeal. Counsel filed an opening brief that includes the facts and procedural history of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d at p. 441.) Counsel advised McCaw of the right to file a supplemental brief within 30 days

4

from the date that he filed the opening brief.  McCaw did not file a supplemental brief.

We have examined the entire record.  The trial court made two sentencing errors, including the miscalculation of presentence conduct credit.  We provided McCaw and the Attorney General with an opportunity to address in letter briefs the applicability of section 2933.1 to the calculation of presentence conduct credit.  In their respective letter briefs, McCaw and the Attorney General agree that section 2933.1 applies. [3]  We conclude that the limitation on presentence conduct credit applies, as we discuss below.

We are satisfied that no other arguable issues exist.  We are further satisfied that McCaw's appellate counsel has fully satisfied his responsibilities under *Wende*.  (*Smith v. Robbins* (2000) 528 U.S. 259, 279–284; *Wende, supra*, 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 123–124.)

---

[3]  In his letter brief, McCaw's appellate counsel asserts, "The validity of a sentence imposed after a guilty plea may be appealed by a defendant only after the issuance of a [certificate of probable cause]."  He argues that he cannot appeal the sentence because the trial court denied his request for a certificate of probable cause.  He recommends that we dismiss the appeal.  We disagree.

A certificate of probable cause is not required for an appeal based on "[t]he sentence or other matters occurring after the plea or admission that do not affect the validity of the plea or admission."  (Cal. Rules of Court, rule 8.304(b)(2)(B).)  The award of credit is a part of the sentence.  A certificate of probable cause is not necessary, and we need not dismiss his appeal.

## II.	Correction of sentence

### A.	*Staying versus striking the punishment for the firearm enhancement*

When the prosecutor announced the terms of the plea agreement, she stated that McCaw must admit to the firearm enhancement as to count 1 and did not state any additional punishment for it.  After taking McCaw's admission to the firearm enhancement, the trial court did not impose additional punishment for it.  Instead, the trial court incorrectly imposed and stayed the low term of three years for the firearm enhancement.  Generally, a court has no discretion to stay an enhancement.  (*People v. Haykel* (2002) 96 Cal.App.4th 146, 151; *People v. Lopez* (2004) 119 Cal.App.4th 355, 365; *People v. Eberhardt* (1986) 186 Cal.App.3d 1112, 1122–1123.)  The court must either impose or strike the enhancement.  (*Lopez*, at p. 364.)  Under section 1385, subdivision (b)(1), the court may also strike the punishment, instead of the enhancement itself.

The trial court's stay of the enhancement resulted in an unauthorized sentence.  (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.)  A resentencing hearing is unnecessary because the correction does not require resolving a factual dispute or exercising discretion.  The trial court did not intend to dismiss the firearm enhancement because an admission to it was required by the plea agreement.  Nor did the trial court intend to impose additional punishment for the firearm enhancement.  The record clearly supports the court's intention to strike the punishment for the enhancement had it known a stay was not possible.

We accordingly modify the sentence by vacating the trial court's order that imposed and stayed the three-year term for the

firearm enhancement as to count 1. (§ 1260; *People v. Vieira* (2005) 35 Cal.4th 264, 294; *People v. Alford* (2010) 180 Cal.App.4th 1463, 1473.) We further modify the sentence to comply with the terms of the plea agreement by striking the punishment for the firearm enhancement pursuant to section 1385, subdivision (b)(1).

### B. *Presentence conduct credit*

The trial court also incorrectly calculated presentence conduct credit. Generally, section 4019 permits awarding an additional day of conduct credit for work performed and an additional day for good behavior for every two days of actual custody. (§ 4019, subd. (f); *People v. Whitaker* (2015) 238 Cal.App.4th 1354, 1358.) But when a defendant is convicted a violent felony offense within the meaning of section 667.5, subdivision (c), section 2933.1, subdivision (c) limits presentence conduct credit to a maximum of 15 percent of the actual custody credits. Any felony in which the defendant uses a firearm qualifies for this limitation. (§ 667.5, subd. (c)(8).)

McCaw's admission to the firearm enhancement elevated his assault conviction to a violent felony. By striking the punishment for the firearm enhancement, "[t]he fact of the enhancement . . . remain[s]" and the presentence conduct credit restriction under section 2933.1 applies. (*In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444; see *People v. Fuentes* (2016) 1 Cal.5th 218, 225–226.) But the trial court neglected to apply the limitation under section 2933.1, subdivision (c).[4]

---

[4] In his letter brief, McCaw appears to claim that trial counsel misadvised him about his presentence conduct credit and told him that "he would be released within a matter of months." McCaw asserts that he was denied effective assistance of counsel

7

In modifying the judgment, we also correct the award of presentence conduct credit. (*People v. Duran* (1998) 67 Cal.App.4th 267, 270.) Because of the application of this limitation, McCaw's presentence conduct credit is modified from 1,198 days to 179 days. "The correction should be made even if it results in less credit . . . for the defendant." (*People v. Guillen* (1994) 25 Cal.App.4th 756, 764.)

---

because "[t]he affirmative misadvice [*sic*] on good time credits as set forth by [section 2933.1] would fall below the minimal standard of professional conduct in any jurisdiction."

McCaw is incorrect. The transcript does not contain any comment by trial counsel that McCaw would be released within a matter of months. Trial counsel informed the trial court that McCaw had 1,176 actual days of credit. With that figure, the trial court calculated presentence conduct credit as 1,176 days. But trial counsel did not state any number of days for presentence conduct credit.

The record also does not support any argument by McCaw that his no contest plea was induced by his trial counsel affirmatively misrepresenting his presentence conduct credit. Nor does the record indicate that custody credit was material to McCaw's acceptance of the plea agreement. Under these circumstances, any failure by defense counsel to inform McCaw about the limitation by section 2933.1 did not render his representation ineffective. (*People v. Reed* (1998) 62 Cal.App.4th 593, 601.)

8

## DISPOSITION

We modify the judgment to vacate the imposition and stay of the three-year term for the firearm enhancement under section 12022.5, subdivision (a) as to count 1. We further strike the punishment for the firearm enhancement, in accordance with the plea agreement between McCaw and the District Attorney. We also modify the presentence conduct credit to 179 days by applying the 15 percent limitation under section 2933.1.

The clerk of the superior court is ordered to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation. The amended abstract of judgment is to reflect for Item No. 2, "Punishment struck" under "Time imposed" for the firearm enhancement under section 12022.5, subdivision (a), and for Item No. 16, "179" for "Local conduct" credit with the box checked for "2933.1."

As modified, the judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HANASONO, J.

We concur:

EGERTON, Acting P. J.                    ADAMS, J.

9